STONE, BARRY J., Senior Judge.
Defendants appeal a judgment entered following a jury verdict in the sum of $28.8 million dollars on a multi-count complaint. Plaintiff cross-appeals for pre-judgment interest.
The case was submitted to the jury on three counts sounding in fraud and on three counts based upon the law of the country of Jordan. It is undisputed that Jordanian law applies to those claims.
Six weeks before the start of the trial calendar, Defendants moved to amend their defenses. The motion was denied but without prejudice to Defendants introducing evidence at trial on the defenses requested in the motion. Of significance is that the motion did not seek leave to include an affirmative defense of a failure of condition precedent. This affirmative defense is relevant only to the Jordanian law claims. Under Jordanian law, pre-suit notice to a Jordanian ministry was allegedly required before suit could be brought.
The only issue on appeal directly relating to Defendants’ liability under the three Jordanian law claims is Defendants’ assertion that it was an abuse of discretion to exclude expert testimony concerning whether there is a condition precedent, under Jordanian law, that notice had to be given to a certain Jordanian ministry, prior to Plaintiffs instituting suit. We conclude that, under the totality of the circumstances, it was not an abuse of discretion to sustain Plaintiffs objection to the defense offer of expert testimony on the law of Jordan as to the claimed condition precedent. Such affirmative defenses must be specifically pled. See Fla. R. Civ. P. 1.120(c). The condition precedent claim was not raised in Defendants’ motion for leave to amend the Answer and was addressed to the Court for the first time mid-trial. Further, all jury instructions on Jordanian law had been extensively negotiated and were presented to the Court by stipulation, thereby removing any battle of experts on Jordanian law, and Plaintiff had relied on that stipulation in withdrawing his Jordanian law expert. The Defendants also failed to comply with the disclosure requirements of the pre-trial order.
The verdict form asked the jury to answer yes or no to six questions: (1) whether Defendants committed fraud; (2) whether "Defendants conspired to commit fraud; (3) whether Defendants Abu- *932 Naba’a and IOTC USA aided and abetted fraud; (4) whether Defendants breached a fiduciary obligation; (5) whether Defendants tortiously injured Plaintiff; and (6) whether Defendants breached Jordan’s unfair competition law. The jury answered “yes” to each question.
Defendants also argue that a new trial on damages should be granted because the jury’s damage award does not distinguish between the fraud claims and the Jordanian law claims. As to damages, the verdict form asked only one question: “What is the total amount of money damages sustained by [Plaintiff] that was caused by Defendant(s)?” The jury gave a single sum of $28.8 million.
All of Plaintiffs counts arose out of the parties’ agreements, acts, and communications relating to two U.S. government procurement contracts, identified as contracts # 0483 and # 0497. The sole damage claim by Plaintiff, under each of the counts, regardless of theory of liability, was $28,800,000.00, which represents Plaintiffs total share of unpaid profits in the parties’ joint enterprise. No other damage figure was sought, or argued to the jury, as to any of the counts.
We need not address the issues on appeal arising out of Defendants’ fraud counts. As the parties stipulated to the verdict form and the verdict was for the precise amount sought regardless of count, the $28,800,000.00 would, in any event, be due to Plaintiff under the affirmed Jordanian law claims.
On the cross-appeal, we find error in the denial of pre-judgment interest. The record reflects the end dates of each of the two contracts. Therefore, even without a verdict form breakdown, it is clear that the total sum for lost profits is, at a minimum, fixed as of the end of the last contract, on August 31, 2009.
Therefore the final judgment is affirmed as to the issues on direct appeal and reversed as to the cross-appeal. We remand for the award of pre-judgment interest from August 31, 2009.
WARNER and GROSS, JJ„ concur.